IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40235
Summary Calendar
_____

NORMAN LEWIS EVERS,

Plaintiff-Appellant,

versus

MICHAEL McCLELLAND, JR., Correctional Officer;
C. JENNINGS, Correctional Officer;
ALTON D. CASKEY, Associate Warden,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-178
- - - - - - - - - -
July 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Norman Lewis Evers, #42209, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Evers contends that defendant McClelland harassed him and retaliated against him by singling him out for strip searches, insulting him racially, ransacking his cell, taking his personal and legal property, and denying him the opportunity to eat one meal; that defendant Jennings wrote a false disciplinary charge against him and retaliated against him for filing a grievance by destroying his

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

family photographs; and that defendant Caskey failed to investigate his grievances against McClelland or Jennings or to remedy their misdeeds.

Evers did not raise his contentions regarding strip searches or racial insults in the district court; his contentions provide us with no basis for finding plain error. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995). The denial of one meal is a de minimis injury that does not give rise to a constitutional violation. *See Ammons v. Baldwin*, 705 F.2d 1445, 1448 (5th Cir. 1983), *cert. denied*, 465 U.S. 1006 (1984). We find Evers's appeal from the dismissal of his remaining claims against McClelland, and all of his claims against defendant Jennings, frivolous for essentially the reasons relied upon by the district court. *Evers v. McClelland*, No. 6:95-CV-178 (E.D. Tex. Nov. 27, 1995). Evers has not provided facts indicating a nonfrivolous contention that defendant Caskey's alleged failure to rule in Caskey's favor on his grievances against McClelland and Jennings was responsible for McClelland's and Jennings's actions. *See Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982).

Finally, we caution Evers that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Evers is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they previously have been decided by this court.

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTIONS WARNING ISSUED.